TRACY L. WILKISON
Acting United States Attorney
CHRISTOPHER D. GRIGG
Assistant United States Attorney
Chief, National Security Division
DAVID T. RYAN (Cal. Bar No. 295785)
Assistant United States Attorney
Terrorism and Export Crimes Section
    1500 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-4491
    Facsimile: (213) 894-2979
    E-mail:   david.ryan@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**FILED**
CLERK, U.S. DISTRICT COURT
9/7/2021
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ JB _____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 2:21-cr-00418 -DMG |
|---|---|
| Plaintiff, | PLEA AGREEMENT FOR DEFENDANT RIK WIMP |
| v. | |
| RIK WIMP, | |
| Defendant. | |

    1.    This constitutes the plea agreement between Rik Wimp

("defendant") and the United States Attorney's Office for the Central

District of California (the "USAO") in the investigation of

obstruction of a federal investigation into export control offenses.

This agreement is limited to the USAO and cannot bind any other

federal, state, local, or foreign prosecuting, enforcement,

administrative, or regulatory authorities.

DEFENDANT'S OBLIGATIONS

    2.    Defendant agrees to:

        a.    Give up the right to indictment by a grand jury and,

at the earliest opportunity requested by the USAO and provided by the

Court, appear and plead guilty to a single-count information in the form attached to this agreement as Exhibit A or a substantially similar form, which charges defendant with False Statements in violation of 18 U.S.C. § 1001(a)(2).

b.   Not contest facts agreed to in this agreement.

c.   Abide by all agreements regarding sentencing contained in this agreement.

d.   Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

e.   Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

f.   Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

g.   Pay the applicable special assessment at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessment.

h.   Not oppose imposition of a fine of $156,599.94.

<u>THE USAO'S OBLIGATIONS</u>

3.   The USAO agrees to:

a.   Not contest facts agreed to in this agreement.

b.   Abide by all agreements regarding sentencing contained in this agreement.

c.   Except for criminal tax violations (including conspiracy to commit such violations chargeable under 18 U.S.C. § 371), not further criminally prosecute defendant for criminal

violations arising out of defendant's conduct described in the Factual Basis in paragraph 9 below.  Defendant understands that the USAO is free to criminally prosecute defendant for any other unlawful past conduct or any unlawful conduct that occurs after the date of this agreement.  Defendant agrees that at the time of sentencing the Court may consider the uncharged conduct in determining the applicable Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed after consideration of the Sentencing Guidelines and all other relevant factors under 18 U.S.C. § 3553(a).

d.   At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offense up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

e.   Recommend that the Court impose a sentence of probation.

<u>NATURE OF THE OFFENSE</u>

4.   Defendant understands that for defendant to be guilty of the crime charged in count one, that is, False Statements, in violation of Title 18, United States Code, Section 1001(a)(2), the following must be true: (1) the defendant made a false statement; (2) the statement was made in a matter within the jurisdiction of the executive branch of the government of the United States, namely, the Federal Bureau of Investigation; (3) the defendant acted willfully; that is, the defendant acted deliberately and with knowledge both that the statement was untrue and that his conduct was unlawful; and

3

(4) the statement was material to the activities or decisions of the Federal Bureau of Investigation; that is, it had a natural tendency to influence, or was capable of influencing, the Federal Bureau of Investigation's decisions or activities.

<u>PENALTIES</u>

5.     Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 1001(a)(2), is: 5 years imprisonment; a 3-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

6.     Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

7.     Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that he is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition.  Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences,

4

1  including but not limited to revocation of probation, parole, or

2  supervised release in another case and suspension or revocation of a

3  professional license.  Defendant understands that unanticipated

4  collateral consequences will not serve as grounds to withdraw

5  defendant's guilty plea.

6      8.   Defendant understands that, if defendant is not a United

7  States citizen, the felony conviction in this case may subject

8  defendant to: removal, also known as deportation, which may, under

9  some circumstances, be mandatory; denial of citizenship; and denial

10 of admission to the United States in the future.  The Court cannot,

11 and defendant's attorney also may not be able to, advise defendant

12 fully regarding the immigration consequences of the felony conviction

13 in this case.  Defendant understands that unexpected immigration

14 consequences will not serve as grounds to withdraw defendant's guilty

15 plea.

16                            <u>FACTUAL BASIS</u>

17     9.   Defendant admits that defendant is, in fact, guilty of the

18 offense to which defendant is agreeing to plead guilty.  Defendant

19 and the USAO agree to the statement of facts provided below and agree

20 that this statement of facts is sufficient to support a plea of

21 guilty to the charge described in this agreement and to establish the

22 Sentencing Guidelines factors set forth in paragraph 11 below but is

23 not meant to be a complete recitation of all facts relevant to the

24 underlying criminal conduct or all facts known to either party that

25 relate to that conduct.

26     Since 1987, defendant has been the President and Owner of a

27 company ("U.S. Company #1") in Fontana, California.  U.S. Company #1

28 sells various models of surface drives, which are specialized

                                   5

propulsion equipment for boats that operate near the surface of the water and are used in both commercial and military vessels.  One surface drive model that U.S. Company #1 offers for sale is called the "ASD-14."  The ASD-14 surface drive is subject to export controls under the Export Administration Regulations, and requires a license for export to certain countries.

Throughout 2017 and 2018, defendant engaged in negotiations with an individual ("Individual #1") representing a company ("Customer #1") that wanted to purchase three ASD-14 surface drives from defendant.  On or before February 19, 2018, defendant agreed to sell the items to Customer #1 and sent an invoice to Individual #1 requesting $246,276.64 for the three items.  On March 8, 2018, defendant received a wire transfer of $120,000 from Customer #1 as a partial payment.

On March 13, 2018, defendant emailed Individual #1 to confirm that defendant received the funds and had placed an order with a factory to build three ASD-14 surface drives for Customer #1.  In fact, defendant never placed an order with a factory to build the three ASD-14 surface drives for Customer #1, and instead used the money he received from Customer #1 to pay other unrelated business expenses.  In April and May 2018, Individual #1 emailed defendant to ask when the items would be shipped.  On May 31, 2018, defendant emailed Individual #1 and falsely stated that the "factory said the drives should be ready by early August."  On July 17, 2018, defendant emailed Individual #1 to request an additional payment of $36,599.94 from Customer #1 for propellers to be used on the three ASD-14 surface drives.

On August 8, 2018, Special Agents from the Federal Bureau of Investigation ("FBI") and Department of Commerce ("DOC") interviewed defendant regarding his communications with Individual #1.  Special Agents informed defendant that they believed the intended end user of the ASD-14 surface drives that Individual #1 had requested was an entity in a foreign country that was prohibited from receiving the items under United States export control laws.  Defendant falsely told FBI and DOC Special Agents that although Individual #1 had contacted him to request three ASD-14 surface drives, the parties had not finalized a deal and defendant had not received any money for the items.  Defendant agreed to inform the FBI and DOC Special Agents if he received any additional communications or any payments from Individual #1 or any representative of Customer #1.

On August 20, 2018, defendant received a wire transfer of $36,599.94 from Customer #1 as a further partial payment for propellers to be used on the three ASD-14 surface drives.  Defendant used the money to pay other unrelated business expenses.  Between August 2018 and January 16, 2019, Individual #1 contacted defendant several times via telephone and email to ask when the items would be shipped.

On January 31, 2019, defendant again met with FBI and DOC Special Agents.  At that time, defendant agreed to serve as an FBI Confidential Human Source and to be truthful with the FBI regarding all of his communications and transactions with Individual #1.  Defendant was provided authorization to continue with the transaction at the direction of the FBI for the purpose of furthering the FBI's investigation into possible violations of United States export control laws.  Defendant agreed to inform the FBI promptly if he

received any communications from Individual #1.  During that meeting, defendant again falsely told FBI Special Agents that he had not reached an agreement to provide any ASD-14 surface drives to Customer #1, and he had not received any money for the items.

In February and April 2019, Individual #1 contacted defendant multiple times via telephone and email to ask when the ASD-14 surface drives would be shipped.  Defendant did not respond to those inquiries.

In April, June, July, August, and September 2019, defendant falsely told FBI Special Agents that he had not received further contacts from Individual #1 or any representative of Customer #1 regarding the ASD-14 surface drives, and he had not received any money for those items.

On or about January 31, 2020, defendant met with FBI Special Agents in Los Angeles County, within the Central District of California, and signed a document verifying that he understood that lying to federal agents is a crime under 18 U.S.C. § 1001.  During that meeting, defendant knowingly and willfully made materially false, fictitious, and fraudulent statements and representations to FBI Special Agents in connection with a criminal investigation being conducted by the FBI, in that defendant represented that: (1) he had not received money from Customer #1, when, in truth and fact, as defendant then well knew, he had received $156,599.94 from Customer #1; and (2) he had not received any contacts from a representative of Company #1 since January 2019, when, in truth and fact, as defendant then well knew, he had received multiple contacts from a representative of Customer #1 since January 2019.

1

SENTENCING FACTORS

2    10.   Defendant understands that in determining defendant's

3   sentence the Court is required to calculate the applicable Sentencing

4   Guidelines range and to consider that range, possible departures

5   under the Sentencing Guidelines, and the other sentencing factors set

6   forth in 18 U.S.C. § 3553(a).  Defendant understands that the

7   Sentencing Guidelines are advisory only, that defendant cannot have

8   any expectation of receiving a sentence within the calculated

9   Sentencing Guidelines range, and that after considering the

10   Sentencing Guidelines and the other § 3553(a) factors, the Court will

11   be free to exercise its discretion to impose any sentence it finds

12   appropriate up to the maximum set by statute for the crime of

13   conviction.

14    11.   Defendant and the USAO agree to the following applicable

15   Sentencing Guidelines factors:

16   Base Offense Level:            6      U.S.S.G. § 2B1.1(a)(2)

17   Defendant and the USAO reserve the right to argue that additional

18   specific offense characteristics, adjustments, and departures under

19   the Sentencing Guidelines are appropriate.

20    12.   Defendant understands that there is no agreement as to

21   defendant's criminal history or criminal history category.

22    13.   Subject to paragraph 3(d) above, defendant and the USAO

23   reserve the right to argue for a sentence outside the sentencing

24   range established by the Sentencing Guidelines based on the factors

25   set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and

26   (a)(7).

27

28

1                          <u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

2        14.  Defendant understands that by pleading guilty, defendant

3   gives up the following rights:

4              a.   The right to persist in a plea of not guilty.

5              b.   The right to a speedy and public trial by jury.

6              c.   The right to be represented by counsel -- and if

7   necessary have the Court appoint counsel -- at trial.  Defendant

8   understands, however, that, defendant retains the right to be

9   represented by counsel -- and if necessary have the Court appoint

10  counsel -- at every other stage of the proceeding.

11             d.   The right to be presumed innocent and to have the

12  burden of proof placed on the government to prove defendant guilty

13  beyond a reasonable doubt.

14             e.   The right to confront and cross-examine witnesses

15  against defendant.

16             f.   The right to testify and to present evidence in

17  opposition to the charges, including the right to compel the

18  attendance of witnesses to testify.

19             g.   The right not to be compelled to testify, and, if

20  defendant chose not to testify or present evidence, to have that

21  choice not be used against defendant.

22             h.   Any and all rights to pursue any affirmative defenses,

23  Fourth Amendment or Fifth Amendment claims, and other pretrial

24  motions that have been filed or could be filed.

25                      <u>WAIVER OF APPEAL OF CONVICTION</u>

26       15.  Defendant understands that, with the exception of an appeal

27  based on a claim that defendant's guilty plea was involuntary, by

28  pleading guilty defendant is waiving and giving up any right to

1    appeal defendant's conviction on the offense to which defendant is

2    pleading guilty.  Defendant understands that this waiver includes,

3    but is not limited to, arguments that the statute to which defendant

4    is pleading guilty is unconstitutional, and any and all claims that

5    the statement of facts provided herein is insufficient to support

6    defendant's plea of guilty.

7                  <u>WAIVER OF APPEAL AND COLLATERAL ATTACK</u>

8        16.  Defendant agrees that, provided the Court imposes a

9    sentence of probation, defendant gives up the right to appeal all of

10   the following: (a) the procedures and calculations used to determine

11   and impose any portion of the sentence; (b) the term of probation

12   imposed by the Court, including, to the extent permitted by law, the

13   constitutionality or legality of defendant's sentence, provided it is

14   within the statutory maximum; (c) the fine imposed by the Court,

15   provided it is within the statutory maximum; and (d) any of the

16   following conditions of probation or supervised release imposed by

17   the Court: the conditions set forth in Second Amended General Order

18   20-04 of this Court; the drug testing conditions mandated by 18

19   U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use

20   conditions authorized by 18 U.S.C. § 3563(b)(7).

21       17.  Defendant also gives up any right to bring a post-

22   conviction collateral attack on the conviction or sentence, except a

23   post-conviction collateral attack based on a claim of ineffective

24   assistance of counsel, a claim of newly discovered evidence, or an

25   explicitly retroactive change in the applicable Sentencing

26   Guidelines, sentencing statutes, or statutes of conviction.

27   Defendant understands that this waiver includes, but is not limited

28   to, arguments that the statute to which defendant is pleading guilty

                                    11

is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

18.   This agreement does not affect in any way the right of the USAO to appeal the sentence imposed by the Court.

<u>RESULT OF WITHDRAWAL OF GUILTY PLEA</u>

19.   Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

<u>RESULT OF VACATUR, REVERSAL OR SET-ASIDE</u>

20.   Defendant agrees that if the count of conviction is vacated, reversed, or set aside, both the USAO and defendant will be released from all their obligations under this agreement.

1
EFFECTIVE DATE OF AGREEMENT

2   21.  This agreement is effective upon signature and execution of

3  all required certifications by defendant, defendant's counsel, and an

4  Assistant United States Attorney.

5
BREACH OF AGREEMENT

6   22.  Defendant agrees that if defendant, at any time after the

7  signature of this agreement and execution of all required

8  certifications by defendant, defendant's counsel, and an Assistant

9  United States Attorney, knowingly violates or fails to perform any of

10  defendant's obligations under this agreement ("a breach"), the USAO

11  may declare this agreement breached.  All of defendant's obligations

12  are material, a single breach of this agreement is sufficient for the

13  USAO to declare a breach, and defendant shall not be deemed to have

14  cured a breach without the express agreement of the USAO in writing.

15  If the USAO declares this agreement breached, and the Court finds

16  such a breach to have occurred, then: (a) if defendant has previously

17  entered a guilty plea pursuant to this agreement, defendant will not

18  be able to withdraw the guilty plea, and (b) the USAO will be

19  relieved of all its obligations under this agreement.

20   23.  Following the Court's finding of a knowing breach of this

21  agreement by defendant, should the USAO choose to pursue any charge

22  that was either dismissed or not filed as a result of this agreement,

23  then:

24   a.  Defendant agrees that any applicable statute of

25  limitations is tolled between the date of defendant's signing of this

26  agreement and the filing commencing any such action.

27   b.  Defendant waives and gives up all defenses based on

28  the statute of limitations, any claim of pre-indictment delay, or any

13

speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

c. Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

<u>COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES</u>

<u>OFFICE NOT PARTIES</u>

24. Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

25. Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it

chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 11 are consistent with the facts of this case.  While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

26.  Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement.  Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

<u>NO ADDITIONAL AGREEMENTS</u>

27.  Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

<u>PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING</u>

28.  The parties agree that this agreement will be considered

15

1   part of the record of defendant's guilty plea hearing as if the

2   entire agreement had been read into the record of the proceeding.

3   AGREED AND ACCEPTED

4   UNITED STATES ATTORNEY'S OFFICE
    FOR THE CENTRAL DISTRICT OF
5   CALIFORNIA

6   TRACY L. WILKISON
    Acting United States Attorney

7

8   _____      8/27/21
  DAVID T. RYAN                Date
9   Assistant United States Attorney

10   _____      8-26-21
   RIK WIMP                    Date
11   Defendant

12   _____      8/26/21
   DINAH MANNING            Date
13   Deputy Federal Public Defender
    Attorney for Defendant Rik Wimp

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>CERTIFICATION OF DEFENDANT</u>

I have read this agreement in its entirety.  I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney.  I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.  No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement.  No one has threatened or forced me in any way to enter into this agreement.  I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charge and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_____          _____
RIK WIMP                                  Date
Defendant

CERTIFICATION OF DEFENDANT'S ATTORNEY

I am Rik Wimp's attorney.  I have carefully and thoroughly discussed every part of this agreement with my client.  Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of a guilty plea pursuant to this agreement.

_____     8/26/21
DINAH MANNING                       _____
Deputy Federal Public Defender      Date
Attorney for Defendant Rik Wimp

# Exhibit A

1

2

3

4

5

6

7

8                       UNITED STATES DISTRICT COURT

9                   FOR THE CENTRAL DISTRICT OF CALIFORNIA

10   UNITED STATES OF AMERICA,            No.

11            Plaintiff,                  I N F O R M A T I O N

12            v.                          [18 U.S.C. § 1001(a)(2): False
                                          Statements]
13   RIK WIMP,

14            Defendant.

15

16        The Acting United States Attorney charges:

17                       [18 U.S.C. § 1001(a)(2)]

18        On or about January 31, 2020, in Los Angeles County, within the

19   Central District of California, in a matter within the jurisdiction

20   of the executive branch of the government of the United States,

21   namely, the Federal Bureau of Investigation ("FBI"), defendant RIK

22   WIMP ("WIMP") knowingly and willfully made materially false,

23   fictitious, and fraudulent statements and representations to FBI

24   Special Agents in connection with a criminal investigation being

25   conducted by the FBI, in that defendant WIMP represented that: (1) he

26   had not received money from a foreign company ("Customer #1") under

27   investigation by the FBI for possible violations of United States

28   export control laws, when, in truth and fact, as defendant WIMP then

well knew, he had received $156,599.94 from Customer #1; and (2) he

had not received any contacts from a representative of Customer #1

since January 2019, when, in truth and fact, as defendant WIMP then

well knew, he had received multiple contacts from a representative of

Customer #1 since January 2019.

TRACY L. WILKISON
Acting United States Attorney


CHRISTOPHER D. GRIGG
Assistant United States Attorney
Chief, National Security Division

MARK TAKLA
Assistant United States Attorney
Acting Chief, Terrorism and
Export Crimes Section

DAVID T. RYAN
Assistant United States Attorney
Terrorism and Export Crimes
Section